REL:09/05/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130490

_____

**Phylena Babbitt, individually, and as personal representative of Janet Broadbrooks, deceased.**

**v.**

**Cullman Regional Medical Center, Inc; Cullman Emergency Medical Service; The Health Care Authority of Cullman County; and Andrew Blake Hartley**

**Appeal from Cullman Circuit Court
(CV-2011-900297)**

BOLIN, Justice.

    AFFIRMED.  NO OPINION.

    Stuart, Parker, Shaw, Main, Wise, and Bryan, JJ., concur.

1130490

Moore, C.J., and Murdock, J., dissent.

1130490

MOORE, Chief Justice (dissenting).

Phylena Babbitt, the plaintiff below, individually and as the personal representative of the estate of her deceased mother, Janet Broadbrooks, appeals from a summary judgment in favor of the defendants, Cullman Regional Medical Center, Inc., Cullman Emergency Medical Service ("Cullman EMS"), the Health Care Authority of Cullman County, and Andrew Blake Hartley. Today this Court affirms the summary judgment, without an opinion. I respectfully dissent because I believe a jury should have been allowed to consider the facts of this case to determine whether Hartley was negligent and whether Broadbrooks was contributorily negligent in the accident that caused Broadbrooks's death.

On May 12, 2011, Hartley, who was employed by Cullman EMS, was driving an ambulance to the scene of a motor-vehicle collision. He had been dispatched from Cullman Regional Medical Center. He was driving the ambulance eastbound on Highway 157 when he encountered traffic and decided to continue in the same direction in the westbound lane, which is to say that he decided to drive the wrong way in the oncoming lane of traffic. Hartley testified that he was driving between

3

1130490

40 and 45 miles per hour as he drove the wrong way on the road. The speed limit was 55 miles per hour.

Broadbrooks was driving a truck that was pulling a horse trailer with a young horse inside. Babbitt testified that Broadbrooks wanted to turn the vehicle around because the horse had been inside the trailer for about two hours before traffic came to a stop. Broadbrooks turned on her blinker to signal that she was turning left into a parking lot where she would then turn around to drive westbound on Highway 157. Hartley testified that he saw movement coming from his right as he passed an 18-wheeler or semi-trailer truck. Babbitt testified that she did not hear the ambulance sirens, and Hartley testified that he attempted to avoid the collision with Broadbrooks's truck as it turned left in front of him. The vehicles collided; Broadbrooks died from her injuries.

On November 9, 2011, Babbitt sued the defendants, alleging negligence and wantonness. The defendants answered by asserting the affirmative defense of contributory negligence; they later moved for a summary judgment on this ground. On January 7, 2014, the trial court entered a summary judgment for the defendants, stating that, pursuant to § 32-5A-7, Ala.

4

Code 1975,[1] "[Babbitt has] failed to present substantial

---

[1]Section 32-5A-7 provides:

"(a)  The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions herein stated.

"(b)  The driver of an authorized emergency vehicle may:

"(1)  Park or stand, irrespective of the provisions of this chapter;

"(2)  Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

"(3)  Exceed the maximum speed limits so long as he does not endanger life or property;

"(4)  Disregard regulations governing direction of movement or turning in specified directions.

"(c)  The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal meeting the requirements of Section 32-5-213 and visual requirements of any laws of this state requiring visual signals on emergency vehicles.

"(d) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the

evidence of a breach of [the defendants'] duty of care or wantonness" and that, "under the unique facts of this case," the defendants were "also entitled to summary judgment as a matter of law based on contributory negligence."

Whether Hartley was negligent under § 32-5A-7 was, I believe, a question for the jury, as was whether Broadbrooks was negligent in failing to observe the ambulance on the wrong side of the road before the ambulance struck her vehicle. I do not agree that, as a matter of law, driving an ambulance between 40 and 45 miles per hour on the wrong side of the road in a 55-mile-per-hour zone is not negligent. Therefore, I dissent.

driver from the consequences of his reckless disregard for the safety of others."